In the Matter of LEONARD S. SIEGEL, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 2, 1984

### APPEARANCES OF COUNSEL

*Howard Benjamin* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Gustave H. Newman* of counsel (*Newman & Adler,* attorneys), for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Petitioner, Departmental Disciplinary Committee, moves to confirm the referee's report herein insofar as it finds that respondent was convicted of serious crimes, to otherwise disaffirm the report and for the entry of an order suspending the respondent from the practice of law for not less than three years, and respondent cross-moves to confirm the referee's report in its entirety.

Respondent was admitted to practice in this department in 1942, and has maintained an office for the practice of law within this department. On October 15, 1982, respondent was convicted in the United States District Court for

the Southern District of New York of wire fraud in violation of section 1343 of title 18 of the United States Code and aiding in the filing of false corporate income tax returns in violation of title 26 (§ 7602, subd [2]) of the United States Code. He was sentenced to three months on each of the 15 counts, said sentences to run concurrently with each other and was fined $5,000.

By order dated March 15, 1983, this court entered an order temporarily suspending the respondent from the practice of law pursuant to subdivision 4 of section 90 of the Judiciary Law and directed that respondent show cause why a final order of suspension, censure or removal from office should not be made. We appointed the Honorable MORRIS AARONS as referee to hear and report with respect to the extent of discipline to be imposed.

The referee has filed his report dated September 6, 1983, finding that the respondent has been convicted of a serious crime and recommending that he be suspended from the practice of law for a period of 18 months, effective March 15, 1983.

Respondent was general counsel and secretary of Mego International Inc. Together with Martin B. Abrams, president and chairman of the board of Mego International Inc., the respondent engaged in a fraudulent scheme involving unrecorded cash sales of Mego merchandise which either had been closed out and marked down for clearance, or returned because of damage or defect. As noted by the Second Circuit Court of Appeals in affirming his conviction, respondent personally engaged in cash transactions by supervising, through a retail store, cash sales of imported shirts worth over $30,000. Other cash transactions involved the sale by the manager of Mego's Long Island warehouse of merchandise to various street peddlers and merchants for cash. At intervals as the cash accumulated, the manager would transfer this cash to the respondent Siegel at the company's New York City office. Initially, respondent would sign the receipts the manager had placed in the envelope along with the cash and return them to the manager. However, it appears that in late 1975, respondent discontinued the practice of signing the receipts, telling the manager that he should not sign them because

he was an attorney. These proceeds of the unrecorded sales were retained by respondent in the drawer of a filing cabinet in his office. Respondent would turn the money over to Mr. Abrams at his request.

These cash sales were not recorded on the books of Mego International, nor was any information about the cash sales divulged to Mego stockholders. In addition, respondent and Abrams told Mego's auditors that there were no unrecorded assets. These cash sales over time, totaled in excess of $100,000.

Respondent asserted before the referee and continues to argue that he did not personally profit from this scheme, that he turned all the money collected by the warehouse manager over to the president Martin Abrams. It was asserted on his behalf that while he now understands that what he did was wrong, at the time he did the things of which he was accused and convicted, he did not believe he was doing anything wrong. However, he admits in retrospect that he should have followed through to see whether these cash sales were properly recorded on the books and records of the corporation and that perhaps he was negligent in not so doing. The referee concluded that respondent was being used and manipulated by his employer, and that in accepting the money as he did, the respondent allowed himself to be used by others in the way that he as an attorney should not have permitted.

The crime of which the respondent stands convicted was for willfully and knowingly devising a scheme to defraud the stockholders of Mego International, Inc. The Circuit Court of Appeals for the Second Circuit observed that on the evidence produced during the course of his trial, "[t]he jury was entitled to find that Siegel and Abrams, top executives in Mego, generated a secret fund of over $100,000 from cash sales of company assets without disclosing their activities to the stockholders, that they used the cash in part for private benefit * * * and that they did not account for any sum that may have remained in the fund." (*United States v Siegel,* 717 F2d 9, 12.)

We cannot accept, on this record, the referee's conclusion that in accepting this money and participating in the scheme the respondent only did what he was directed to do

and allowed himself to be used by others. It is clear that he knowingly and willfully participated therein and knew or should have known that at the very least, his conduct was a breach of trust, if not illegal.

We are not unmindful, however, of the fact of the respondent's otherwise unblemished record and the fact that he enjoys an excellent reputation among the persons with whom he has come into contact over the years. Accordingly, giving due consideration to these facts and the fact that respondent has been punished by a sentence which he has already served, and the payment of a $5,000 fine, the motion is granted and the cross motion denied, and we determine that the respondent should be suspended from the practice of law for an additional period of three years, effective from the date of the order to be entered hereon.

Ross, J. P. Silverman, Fein, Milonas and Alexander, JJ., concur.

Cross motion to confirm referee's report in its entirety denied and motion to confirm referee's report insofar as it finds that respondent was convicted of serious crimes, disaffirming the referee's recommendation, and suspending respondent granted, and respondent is suspended from practice as an attorney and counselor at law in the State of New York for a period of three years effective February 2, 1984 and until the further order of this court.