In the Matter of J. ALEXIS CAPARROS (Admitted as JENARO ALEXIS CAPARROS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 18, 1989

**APPEARANCES OF COUNSEL**

*Rosemary F. Palladino* of counsel *(Hal R. Lieberman, Acting Chief Counsel,* attorney), for petitioner.

*Ronald L. Kuby* and *William M. Kunstler* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent J. Alexis Caparros was admitted to the practice of law under the name Jenaro Alexis Caparros by the Appellate Division, First Department, on July 8, 1985. Respondent was convicted, upon his plea of guilty, in the United States District Court for the Southern District of New York on June 27, 1988, of wire fraud, in violation of 18 USC § 1343, a Federal felony, and sentenced to a term of three years' imprisonment. Execution of sentence was suspended and respondent placed on probation for a period of three years on condition he undergo psychiatric treatment.

By a prior order dated December 6, 1988, we found that respondent was convicted of a "serious crime" as defined in Judiciary Law § 90 (4) (d) and section 603.12 (b) of this court's rules, suspended respondent from the practice of law effective immediately, and further directed that he show cause within 30 days why a final order of suspension, censure or disbarment should not be entered.

Respondent submitted an "Answer to the Order to Show Cause", dated December 16, 1988, accepting the determination that he was convicted of a "serious offense" and further accepting the recommendation of the Departmental Disciplinary Committee that he be suspended from the practice of law during the pendency of his probation. Respondent's answer also set forth background information regarding his medical condition, the facts which led to his Federal felony conviction and evidence in mitigation of his misconduct.

The petitioner Departmental Disciplinary Committee deemed respondent's "Answer to the Order to Show Cause" a motion requesting a hearing as to the final sanction to be imposed. However, respondent's counsel, in a letter dated January 19, 1989, stated that a hearing under the circumstances would be a waste of time and resources, since no material facts are in dispute. The petitioner Committee agreed that in view of respondent's concurrence with its recommendation that he be suspended from the practice of law during the pendency of his probation, there is little purpose to be served by ordering a hearing on an appropriate sanction. We agree that there is no need for a hearing here, where no issue of fact is in dispute and both petitioner and respondent agree on the sanction to be imposed.

In view of respondent's conviction of wire fraud in violation of 18 USC § 1343, a "serious crime" as defined in Judiciary Law § 90 (4) (d) and section 603.12 (b) of the rules of this court, and his physical and psychological impairments, respondent's suspension from the practice of law for a period of three years, coextensive with the term of his probation, is an appropriate sanction *(see, Matter of Siegel,* 99 AD2d 87). If and when respondent applies for reinstatement, the issues of his rehabilitation and his fitness to resume the practice of law must then be fully explored at a hearing.

Accordingly, we determine that the respondent should be suspended from the practice of law for a period of three years effective as of June 27, 1988, and until the further order of this court.

MURPHY, P. J., ROSS, ASCH, KASSAL and RUBIN, JJ., concur.

Respondent is suspended from the practice of law for a period of three years effective as of June 27, 1988, and until the further order of this court.