Matter of Weissman (2021 NY Slip Op 04535)





Matter of Weissman


2021 NY Slip Op 04535


Decided on July 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 22, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta,P.J.,
Barbara R. Kapnick
Troy K. Webber
Angela M. Mazzarelli
Lizbeth González, JJ.


Motion No. 2021-01953 Case No. 2020-01853 

[*1]In the Matter of Mark D. Weissman, an attorney and counselor-at law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Mark D. Weissman, (OCA Atty. Reg. No. 2240208) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on February 8, 1989.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, Esq., of counsel), for petitioner.
Michael S. Ross, Esq., for respondent.



Per Curiam 


Respondent Mark D. Weissman was admitted to the practice of law in the State of New York by the Second Judicial Department on February 8, 1989, and at all times relevant to this proceeding maintained a law office within the First Judicial Department.
22 NYCRR § 1240.8(a)(5)(i) of the Rules for Attorney Disciplinary Matters provides that, at any time after the Committee files a petition alleging professional misconduct against an attorney, the parties may file a joint motion requesting the imposition of discipline by consent, which must include a stipulation of facts, the respondent's conditional admission of acts of professional misconduct and specific rules or standards of conduct violated, any relevant aggravating and mitigating factors, and an agreed-upon disciplinary sanction (see 22 NYCRR 1240.8 [a] [5] [i], [ii]). If the motion is granted, the Court must issue a decision imposing discipline upon the respondent based on the stipulated facts and as agreed upon in the joint motion.
By joint notice of motion dated June 8, 2021, the Attorney Grievance Committee (AGC) and respondent ask this Court, pursuant to the framework outlined above, to suspend respondent from the practice of law for a period of three years, nunc pro tunc to July 2, 2020, the date of his interim suspension, or until the expiration of his term of probation, whichever is longer, and until further order of this Court. The motion is supported by a joint affirmation which contains a statement of facts, conditional admissions, factors in aggravation and mitigation, and agreed upon discipline. The motion is further accompanied by respondent's affidavit acknowledging his admission to the stipulated facts, his consent to the agreed upon discipline, which he has freely and voluntarily given, and his full awareness of the consequences of such consent. Thus, the parties' motion satisfies all of the requirements of 22 NYCRR 1240.8(a)(5).
The stipulation of facts confirms that, as alluded to above, this Court determined in July 2020 that respondent had been convicted of a "serious crime," immediately suspended him from the practice of law, and directed a sanction hearing be held. The conviction was based on respondent's plea of guilty in June 2019 in the United States District Court for the Eastern District of New York to conspiracy to obstruct an official proceeding in violation of 18 USC §§ 1512(c)(2) and 1512(k), a felony. On January 29, 2020, he was sentenced to four years' probation, 300 hours of community service, and fined $45,000. Respondent has paid the fine and completed his community service. As further stipulated, respondent's conviction stemmed from his efforts to assist a childhood friend, who had been convicted of, inter alia, securities fraud, in extorting money from the friend's convicted codefendant, who happened to be respondent's relative through marriage. In or [*2]about February 2017, the friend asked respondent to convey to his former codefendant that he wanted a sum of money to avoid getting the codefendant in unspecified trouble. Respondent conveyed the message to the codefendant, and, in a subsequent March 2017 communication, respondent told the codefendant that his friend demanded $5 million from him.
The codefendant repeated what respondent said to him to the FBI, and then began acting with the knowledge and at the direction of FBI case agents. In March 2018, respondent informed the codefendant that his friend had identified a rabbi who would allow any funds paid by the codefendant to be paid through the rabbi's charity. At a subsequent meeting, also in March 2018, respondent and the codefendant discussed that any funds destined for the friend could not be paid in the friend's name because of the friend's outstanding restitution obligations stemming from his conviction. In April 2018, respondent and the codefendant discussed that a rabbi would serve as an intermediary and take possession of any incriminating documents that the friend might possess relating to his codefendant, and would destroy those documents once the codefendant paid $6 million. In May 2018, respondent arranged a meeting between the codefendant and the rabbi, who had agreed to allow the use of his charity to facilitate transfer of the funds and took further steps to facilitate such transfer.
In late May 2018, respondent sent messages to the codefendant indicating that he no longer wanted to be involved in the transaction and asking that the codefendant contact the rabbi directly. In June 2018, respondent was arrested. Subsequent to his arrest, respondent cooperated with the government and, through counsel, provided information relevant to the codefendant to assist the government in its efforts to obtain restitution. Respondent conditionally admits that his conduct, as set forth above, violated the New York Rules of Professional Conduct.
The parties agree that respondent's conduct was aggravated by his undermining and interfering with the court's restitution order in a case where there were millions of dollars that were lost by victims of the underlying securities fraud, and that his scheme sought to interfere with the victims' efforts to recover that money pursuant to a restitution order issued by the United States District Court for the Eastern District of New York.
In terms of mitigation, the parties jointly note that respondent fully cooperated with the criminal justice system. In addition to pleading guilty, he cooperated with the government in providing information that he learned about his friend's codefendant's finances in hopes that additional funds could be uncovered for purposes of repaying innocent victims of the underlying fraud. They agree that respondent's misconduct was highly aberrational and isolated in an otherwise law-abiding life; that he promptly notified the Court and the AGC of his conviction; that he fully [*3]cooperated with the AGC's investigation and consented to an interim suspension; that he promptly accepted full responsibility for his criminal conduct and never attempted to blame anyone or anything for his misconduct; and that he expressed his sincere remorse and contrition for his misconduct. Additionally, respondent's misconduct was not motivated by personal financial gain but rather by the desire to mediate a long festering hostility between two people with whom he had deep and close connections. It is further noted that respondent voluntarily withdrew from the developing scheme; that his misconduct was not related to the practice of law; that he is well regarded in the legal community and has an excellent reputation for the character traits of honesty and integrity; that 69 individuals wrote letters to the sentencing judge attesting to respondent's reputation for good character, which reflect, among other things, his excellent reputation and his numerous, selfless acts on behalf of family, friends, and people he only knew tangentially, and which confirm that respondent has a long-standing reputation as a well-respected husband, father, friend, and community member. Finally, the parties have stipulated that respondent has taken steps to internalize the criminality of his conduct, and has used his hard-learned wisdom to help others avoid his fate, including by taking a personal ethics course and undergoing spiritual therapy sessions with a rabbi.
The parties agree that the appropriate sanction for respondent's conduct is a suspension of three years. Indeed, the sanction proposed by the parties is supported by case law cited by the parties (see Matter of Woodward, 232 AD2d 22 [1st Dept 1997]; Matter of Siegel, 99 AD2d 87 [1st Dept 1984]; Matter of Bertsch, 112 AD3d 158 [2nd Dept 2013]). In light of this precedent, we see no reason to disturb the sanction to which respondent, who is represented by competent counsel, has consented.
Accordingly, the parties' joint motion for discipline by consent should be granted, and respondent is suspended from the practice of law in the State of New York for a period of three years, nunc pro tunc to July 2, 2020, or until the expiration of his term of probation, whichever is longer, and until further order of this Court.
All concur.
It is Ordered that the parties' joint motion for discipline by consent pursuant to 22 NYCRR 1240.8(a)(5) is granted, and respondent Mark D. Weissman is suspended from the practice of law in the State of New York for a period of three years, effective nunc pro tunc to July 2, 2020, or until the expiration of his term of probation, whichever is longer, and until further order of this Court, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, respondent Mart D. Weissman, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, ([*4]2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent Mark D. Weissman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered. July 22, 2021